Assn. v. Shanfelter, 29 Pa. Superior Ct. 251, were erroneous, and ought to be overruled. Nor can we see that any useful purpose would be served by further discussion of the question on our part.

The order appealed from in each of the foregoing cases is affirmed at the appellant's costs.

---

## Lucas, Appellant, *v.* Ætna Indemnity Company.

*Contract—Subcontractor—Performance of contract.*

In an action upon a contract it appeared that the defendant was engaged in completing a building operation, and that the plaintiffs were manufacturers and dealers in paint. The defendants had an agreement with a contracting painter by which the latter was to do painting on the building operation, payments to be made in installments. The contractor, the plaintiffs and defendant entered into an agreement by which the plaintiffs were to deliver paint on the certificate of the contractor, and were to be paid by defendant twenty-five per cent of the amount due the contractor as each payment matured. It was further agreed that an amount not exceeding a sum stated should be set aside by defendant from the cash reserve of the contract between the contractor and the defendant, and that this should be paid or such proportions thereof that might be due to the plaintiffs, when the said cash or reserve was available. The cash reserve was not payable until thirty days after the final completion of the painting upon the entire operation. It appeared that payments were made to plaintiff, but not in the exact installments, or at the exact periods provided for in the contract between the defendant and the contractor. There was no sufficient evidence to support a finding that substantial performance had been had of the contract between the contractor and the defendant, so as to make the cash reserve available, as required by the contract between plaintiffs and defendant. It did not appear that the plaintiffs were in any way misled or injured by the fact that payments to the contractor were not made by the defendant in the exact installments, or at the exact periods provided by their agreement with him. *Held,* that plaintiffs were not entitled to recover.

Argued Oct. 4, 1906. Appeal, No. 7, Oct. T., 1906, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1906, No. 2,994, for defendant non obstante veredicto in case of John Lucas, trading as John Lucas and Company, to use of William

H. Lucas, Trustee for John Lucas, trading as John Lucas & Company, v. Ætna Indemnity Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a contract.   Before McMICHAEL, J.

At the trial the jury returned a verdict for plaintiffs for $1,332.50.

On a motion for a judgment for defendant non obstante veredicto, VON MOSCHZISKER, J., filed the following opinion :

The defendant in this case has taken a rule for a new trial and has moved for judgment non obstante veredicto under the Act of April 22, 1905, P. L. 286.   The material facts are briefly as follows : The Ætna Indemnity Company made a contract with one A. W. Corney to paint seven rows of houses, and agreed to pay the said Corney for this painting the sum of $10,000, of which amount $4,400 in cash was to be paid in installments at fixed periods as the work progressed up to full completion, $2,000 cash was to be held as a reserve fund and paid within thirty days after the final completion of the painting upon the entire operation, and $3,600 was to be paid in real estate equities.   Corney not having the necessary credit to carry out his contract, made an arrangement by which John Lucas & Company were to furnish him with paints and to receive from the Ætna Indemnity Company payment therefor. Whereupon the Ætna Indemnity Company wrote the following letter to Lucas & Company :

" Please deliver to Mr. A. W. Corney, paints, glass and painters' materials as he may order for his contract with us, in the Sol Greenberg operation at 29th and Huntingdon streets : All bills to be certified by said A. W. Corney and the payment therefor shall be made on the following basis :

" Twenty-five per cent. of the respective amounts due and payable to the said A. W. Corney during the progress of the work to be set aside and paid to John Lucas & Co., as each payment matures, on account of the said material furnished, and we agree to see that these payments are made in accordance with the said contract between the above company and A. W. Corney.

" It is further agreed to set aside an amount not exceeding $1,000 from the cash reserve of the aforesaid contract and pay the same or such proportions of same that may be due to the said John Lucas & Co., when the said cash or reserve is available."

After doing the work upon six of the rows of houses, and simply priming the frames in the seventh row, Corney refused to finish painting the seventh row of houses unless he obtained more money.   At that time Corney had been paid'in cash $4,335, of which amount the plaintiffs, Lucas & Company, had received their full percentage.   These payments, however, were not made in the exact installments or at the exact periods provided for in the contract between the Ætna company and Corney.   This suit was brought to recover the $1,000 of the reserve fund, referred to in the above contract between Lucas & Company and the Ætna company, and a verdict was rendered for the plaintiffs in that amount with interest, in all $1,332.50.   At the trial, the defendant did not offer any evidence, but presented a point, under the act of 1905, asking for binding instructions and moved that the evidence be certified as part of the record, as provided for in that act.   The principal questions are : Can the evidence produced at trial be held to sustain the verdict ? If not, should a new trial be granted, or should judgment be entered on the evidence in favor of the defendant ?

A review of the record in this case shows that there is not any sufficient evidence to support a finding that substantial performance had been had of the contract between Corney and the Ætna company, so as to make the cash reserve under said contract available, as required by the contract between Lucas & Company and the Ætna company.   As the plaintiffs' case is stated in their declaration and under the charge of the court, which very properly followed the declaration, it is essential that such a finding of substantial performance should be made by the jury, and that the finding should be supported by sufficient evidence, before a verdict for the plaintiffs could properly be had or can now be sustained.   The evidence shows absolutely and uncontradictedly that there was not any such substantial performance, and it fails utterly to show any sufficient excuse in proper detail that would justify the court in instructing the jury, or that would justify the jury in finding that, for the pur-

poses of this case the necessity for such substantial performance had been dispensed with, nor could the court have said, nor could the jury have found, that the defendant was estopped from standing upon its contract rights and insisting that substantial performance should be shown as a prerequisite to recovery.

The right of Lucas & Company to recover for all goods sold and delivered to Corney personally, may be an absolute unconditional right as against said Corney, but their right to recover against the Ætna company, under the contract here relied upon, was not absolute and unconditional, but was only a right to receive a certain percentage of the payments to Corney, which they did receive, and to receive $1,000 from the reserve fund upon the condition that that fund be made available by substantial performance. Hence, in this suit on the contract the case was properly presented to the jury with instructions that they must find that such substantial performance had been had before they could find for the plaintiffs. They so found by their verdict, but the evidence fails to support such a finding. As to estoppel, the verdict cannot be sustained on the ground that by continuing to pay Corney sums of money in advance of the stipulated times and manner for payment, as stated in the contract between Corney and the Ætna company, that the Ætna company so far varied that contract as to estop them, the Ætna company, from insisting upon substantial performance thereof as a prerequisite to recovery against the Ætna company by John Lucas & Company, for it is to be remembered that Corney still had $2,000 in cash and $3,600 in properties coming to him as a fund with which to pay for the finishing of his contract when he had completed same, and that he had been paid, not only in full, but more than the amount that he had a right to expect at the time he quit, so far as the testimony as presented in this case goes to show, and, further, that Lucas & Company received their full percentage of all the payments made to Corney up to the time he quit. Under these facts the court could not apply the equitable doctrine of estoppel, as contended for by the plaintiffs, and thereby entirely dispense with that part of the contract between Lucas & Company and the Ætna company which requires the reserve fund in the Corney contract to be made available by substantial performance of the

whole and entire Corney contract before the $1,000 should become due and legally demandable by Lucas & Company.

The testimony presented at the trial fails to show any material variations in the performance of the contract between Corney and the Ætna company which would have made the reserve fund available to Corney, and hence to Lucas & Company, before substantial performance of the entire contract had been had.    The only variation which was substantially shown was the advances made in the payments before referred to, and as the contract was an entire one, that variation alone cannot be taken to dispense with entire substantial performance in order to make the reserve fund available.

Further, the verdict found in this case cannot properly be sustained on the theory that the Ætna company, by advancing payments ahead of the time fixed in their contract with Corney, misled Lucas & Company to their damage, to the extent of $1,000, with interest, the sum found by the jury in this case ; that by such advances the Ætna company thereby caused Lucas & Company to give credits and deliver goods to Corney which they would not otherwise have done; for this was not the case presented by the plaintiff's statement of claim or by the charge of the court for the consideration of the jury.

The plaintiffs, in their statement of claim, rely upon the fact that all payments were made in accordance with the contract between Corney and the Ætna company, to the extent of $4,260, and that there remained due to said Corney, upon the completion of the work upon the buildings and operation referred to in said contract, only the sum of $140, and that the said Corney having failed to complete the work entitling him to receive the additional $140, the Ætna company had employed another contracter to complete said work; in other words, that as only $140 worth of work remained to be done in order to give substantial performance of Corney's contract, and as that work had been done or could have been done by another contractor, and as the Ætna company had the full $2,000 reserve fund and $3,600 in equities with which to pay this $140 worth of work, it would be inequitable to hold up the reserve fund against Lucas & Company under such circumstances, but, unfortunately for the plaintiffs, when they came to prove their case, it appeared that the painting of at least one entire row of

houses had not been completed by Corney, and hence there was an utter failure of proof as to the case set forth in the declaration.   An attempt seems to have then been made to swing the case from an action under the contract, as set forth in the declaration, to an action for damages for a breach of the contract between John Lucas & Company and the Ætna company on the theory that there had been a breach of that contract by the failure of the latter company to see that the payments to Corney were made in accordance with the contract between Corney and the Ætna company; but, as before said, this was not the case presented to the jury for their consideration, hence, a verdict cannot be sustained on that theory.   Even had the case been so stated, the verdict would have to be set aside, for no reasonable construction of the clause in the contract between Lucas & Company and the Ætna company, wherein it is stipulated that the Ætna company will see that the payments to Corney will be made in accordance with the contract between that company and the said Corney, makes the time or method of such payments in any sense the essence of the contract contained in that stipulation.   The words "in accordance," as there used simply have reference to the amounts to be paid to Corney, and thus to the sum total to be paid to him, and it is to be observed that such is the only reference which is anywhere in that contract made to the total amount which the Ætna company is to pay to either Corney or John Lucas & Company; in addition to this, the proofs as here presented would not sustain a finding that any damages recoverable in law were suffered by the plaintiffs through such advance payments to Corney by the Ætna company.   No jury could be allowed to find that the plaintiffs were so far deceived and misled by these advance payments that they could be considered as the proximate and moving cause for the delivery of goods to Corney which would not otherwise have been delivered, and that the plaintiffs were thereby damaged to some fixed and certain amount.   It must be presumed that the plaintiffs could have inspected the building operation at any time to see whether Corney was fulfilling his contract, so as to protect themselves against his default and the consequent effect upon the reserve fund.   They had no legal right to accept the percentage of the payments to Corney and rest at ease, relying

154    LUCAS, Appellant, *v.* ÆTNA INDEMNITY CO.

Opinion of Court below—Opinion of the Court. [32 Pa. Superior Ct.

upon the Ætna company to protect them under the contract as stated between said company and the plaintiffs. The contract will not bear any such construction. However, the claim as set forth in the plaintiffs' statement is under the contract and not for damages for a breach of the contract, and the evidence fails to sustain the verdict.

The rule for a new trial is discharged. Judgment is entered for the defendant non obstante veredicto, under and by authority of the act of 1905, supra, and an exception is granted to the plaintiffs as therein required.

Plaintiffs appealed.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*Julius C. Levi*, with him *David Mandel, Jr.*, for appellants.— Where a party acting honestly, and intending to fulfill his contract, performs it substantially, but fails in comparatively slight particulars, he may recover, subject to a reduction for the imperfections and damages sustained by not strictly complying with the contract: Preston v. Finney, 2 W. & S. 53; Danville Bridge Co. v. Pomroy, 15 Pa. 151; Monocacy Bridge Co. v. American Iron Bridge Mfg. Co., 83 Pa. 517.

The question of substantial completion of a contract is for the jury: Shires v. O'Connor, 4 Pa. Superior Ct. 465.

*A. D. Wiler*, of *Wiler & Elliott*, with him *J. Quincy Hunsicker*, for appellees.

PER CURIAM, November 19, 1906:

The judgment is affirmed upon the opinion of the learned judge of the court below.